FILED

2017 JAN 27  PM 4: 10

Makaiiya Zakiyyah Allen
9601 S. Hass Ave.
Los Angeles, CA 90047

Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DISTRICT

RONALD I. FOWLKES, TRUSTEE OF
THE RONALD I. FOWLKES, LIVING
TRUST,

        Plaintiff,

vs.

Omar Deckard; alisha Trammell; and DOES
1-5, inclusive

        Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: **C V 1 7 - 0 0 6 8 9**-MWF(AJW)

Case No.: 16U10154
REMOVAL FROM LOS ANGELES
COUNTY SUPERIOR COURT

(TRIAL BY JURY DEMANDED)

## **DEFENDANTS' NOTICE OF REMOVAL**

    Defendant one of the people of California brings forth proof that the people

are being denied our Federal rights to a fair and impartial hearing before the State

courts.

Plaintiff has actually filed a Federal Question action in State Court, for which the State Court action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir.2009); 28 USC 1331.

New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act of 2009," 12 USC 5220, note. [hereafter PTFA"] *preempted* State law as to bona fide residential tenants of foreclosed landlords *[Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]:

a. Whereas under California law, a foreclosure automatically terminated any junior rental agreements [*Bank of America v. Hirsch Merc. Co.* (1944) 64 Cal. App.2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale *subject to* the rights of existing bona fide tenants. The tenancy is protected by federal law.

b. Whereas under California law, a foreclosure eviction may be filed as to any such tenant on mere 60 days' notice of termination [California Civil Code §§1161a, 1161b], the PTFA requires that a full 90 days' notice be given [PTFA §701(a)(1)]

Plaintiff brought an Unlawful Detainer case against Defendant without notification, who is a Tenant protected under the Obama Protect the Tenant at foreclosure Act signed into law in 2009.

TITLE VII—PROTECTING TENANTS AT FORECLOSURE ACT

SEC. 701. SHORT TITLE.

This title may be cited as the ''Protecting Tenants at Foreclosure Act of 2009''.

SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.

(a)    IN GENERAL.—In the case of any foreclosure on a federally- related mortgage loan or on any dwelling or residential real property

PUBLIC LAW 111–22—MAY 20, 2009 123 STAT. 1661

After the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure—

(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

(B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1), except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

(b) BONA FIDE LEASE OR TENANCY.—For purposes of this section, a lease or tenancy shall be considered bona fide only if— (1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

(2) the lease or tenancy was the result of an arms-length transaction; and

(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy.

(c) DEFINITION.—For purposes of this section, the term ''federally-related mortgage loan'' has the same meaning as in section 3 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2602).

## JURISDICTION

This Court has jurisdiction over this action pursuant to Title 28 U.S.C. 1331, 1441, 1443, 1446 and TITLE VII—PROTECTING TENANTS AT FORECLOSURE ACT SEC. 701. SHORT TITLE.

This title may be cited as the ''Protecting Tenants at Foreclosure Act of 2009''. SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.

Pursuant to 28 U.S.C. 1332(a), there is a sufficient amount in controversy as it is far "more likely that not" that the amount in controversy exceeds $75,000. (See Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398, 404.

## SUMMARY

RONALD I. FOWLKES, TRUSTEE OF THE RONALD I. FOWLKES, LIVING TRUST allegedly purchased Defendant Omar Deckard's property at a

Trustee's Sale on July 29, 2016 being the highest bidder at $360,975.96 in lawful money of the United States.

This a blatant contradiction of the Unlawful Detainer caption that states that the amount demanded does not exceed $10,000.00.

Plaintiff brought the Unlawful Detainer in bad faith utilizing the statutory laws that govern a non judicial foreclosure to steal Defendant Hernandez's home.

Plaintiff RONALD I. FOWLKES, TRUSTEE OF THE RONALD I. FOWLKES, LIVING TRUST allegedly served a 3-day Notice for Possession on the Defendant.

Defendant Makaiiya Zakiyyah Allen was never served or received any Three Day Notice for possession.

Under California Law Protecting Tenants After Foreclosure _HBOR

- All tenants and subtenants who do not live at the same property with the owner must receive 90-day notice before eviction.

- **Federal "bona fide" tenant test does not apply to the 90-day notice requirement under state law. CCP 1161b(d)!**

- **This means virtually all tenants get 90-day notice, even if they are renting from a family member or paying substantially below market rent.**

- ***Protecting Tenants at Foreclosure: Notice of Responsibility Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property*, 74 Fed. Reg. 30,106, 30,106 (June 24, 2009).**

Defendant is a tenant with a fix term lease agreement that is protected under the Protect the Tenant at Foreclosure Act.

Plaintiff failed to contact Defendant Makaiiya Zakiyyah Allen to work out any agreement and filed an Unlawful Detainer case against Defendant Omar Deckard excluding Defendant Makaiiya Zakiyyah Allen from the law suit under deceit.

Plaintiff filed the Unlawful Detainer on September 9, 2016 in violation of the 90 day notice. (see Unlawful Detainer Exhibit 1)

The Unlawful Detainer is facially void as it states that it is the wrong form to use under 1161(a), first page last paragraph " NOTE: Do not use this form for evictions after sale (Code Civ. Proc. §1161a).

Defendant responded with a Claim of Right of Possession and will file a Motion to Quash to the Unlawful Detainer (see Exhibit 2)

Defendant demands that the court hold an evidentiary hearing so the facts can be brought before the court.

It is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under State law, since the cause of action is purely a Federal one in ejectment.

The District court has an obligation to protect the rights of the People and Defendant is one of the People an American citizen and asks this court to protect her from the wrong doings of RONALD I. FOWLKES, TRUSTEE OF THE RONALD I. FOWLKES, LIVING TRUST and its attorneys.

The Defendant seeks a temporary restraining order and preliminary and permanent injunctions prohibiting future such conduct, as well as other emergency relief, and that the Plaintiff's disgorge their ill-gotten gains and pay civil penalties.

## THE FRAUDULENT SCHEME

Plaintiff and Plaintiff's Attorneys have used the statutory laws that govern a non-judicial foreclosure to commit a crime against Defendant.

Defendant, who is mentally challenged, also alleges that she is being denied and cannot enforce her rights of equal protection of the discriminatory laws of the State of California, which facially and as applied by the California Superior Courts

of Limited Jurisdiction has now file this notice of removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446, and TITLE VII—PROTECTING TENANTS AT FORECLOSURE ACT SEC. 701. SHORT TITLE. This title may be cited as the ''Protecting Tenants at Foreclosure Act of 2009''. SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY. and alleging as follows:

Defendant alleges that Plaintiff's attorney and other entities that will be disclosed at trial constructively conspired to defraud Defendant of her right to possession of the property.

Defendants each of them, have committed these acts stated in this case; engaging in patterns of unlawful activity without disclosing this to Defendant.

**Defendant confirms that she is an innocent victim under a fix-term lease protected under the Federal statute.**

The requirements of 28 U.S.C. §1331, 1441, and 1446 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of the Protect the Tenant at Foreclosure Act and the Homeowner Bill of Rights.

28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following an alleged non-judicial foreclosures.

Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); *Neal v. Wilson*, **112 F.3d 351, 355 (8th Cir. 1997).**

**Unlike the Defendant in *Neal v. Wilson*,** Defendant Makaiiya Zakiyyah Allen can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing her from raising her federal claims in state court, [and] further [she] has [] shown the basis for an "equally firm prediction" that [she] will be unable to protect h[er] federal rights in state court." 112 F.3d at 855.

WHEREFORE AND ACCORDINGLY, Defendant Makaiiya Zakiyyah Allen hereby files this Notice of Removal pursuant to 28 U.S.C. §§1331, 1441, 1443 and 1446, and TITLE VII---PROTECTING TENANTS AT FORECLOSURE ACT SEC. 701. SHORT TITLE. This title may be cited as the ''Protecting Tenants at Foreclosure Act of 2009''. SEC. 702. EFFECT OF FORECLOSURE ON PREEXISTING TENANCY. Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1446(d).

This Notice of Removal is timely in that the events of discovery, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)).

The California Superior Courts of Limited Jurisdiction, especially those in Los Angeles County, operate based on an institutionalized predetermination of the

outcome reflect a pervasive state statutory program expressly designed to deny Defendants their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property, which rights are guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state "impairment of the obligations of contract."

The Non-Judicial Mortgage Foreclosure and Quasi-Judicial (but essentially administrative, automatic, ministerially applied) Unlawful Detainer/Forcible Eviction Laws of the State of California are facially discriminatory.

Defendants further allege that the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§1981-1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against pro se litigants and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

The California Superior Courts completely ignore the civil rules of Procedure, Civil rules of Evidence and the Real Party In Interest rule.

Expressly stated California statutory law and the customs, practices, and policies having the force of law interpreting and construing the same, never asked or required original Plaintiff to produce evidence or prove actual standing by assignment, power of attorney, deed, or transfer from any person ever in privity of contract with Makaiiya Zakiyyah Allen.

These California statutes and the state-wide custom, practice and policy REINFORCES AND SUSTAINS, rather than undermines, the use and invocation of 28 U.S.C. §1443(1) removal under the above-cited language of *Greenwood v. Peacock* relating to the Second Prong of the Two Prong Test of *Johnson v.*

*Mississippi,* namely that "Second, it must appear, in accordance with the provisions of §1443(1), that the removal Petitioner is "denied or cannot enforce" the specified federal rights in the courts of the state."

The condition of automatic and systematic denial of rights by reason of the operation of pervasive state and (as construed) Federal law does in fact apply to all proceedings.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

Defendant Makaiiya Zakiyyah Allen particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in *Dombrowski v. Pfister*, *Younger v. Harris*, and *Mitchum v. Foster*, alongside the Civil Rights Removal doctrine articulated in *Greenwood v. Peacock* and *Rachel v. Georgia*, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

Venue is proper in the Central District of California, because (a) original Defendant resides within Los Angeles County, [Division of the Central District of California and this case is removed from the Superior Court of the State of California in and for Los Angeles County, California, which exists within the territorial boundaries of the Division of the Central District and finally because all or a substantial part of the events or omissions giving rise to the claim occurred

within the New York, Washington D.C. and Los Angeles County; Southern Division of the Central District of California. Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the Superior Court for the State of California in and for Los Angeles County where the action was originally filed and has been pending.

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States District Court for the Central District of California, (Los Angeles County) Division, is proper pursuant to all relevant statutes and law.

Respectfully submitted,

Friday, January 27, 2017

By: _____

Makaiiya Zakiyyah Allen,
*In propia persona*

## CERTIFICATE OF FILING AND SERVICE

I the undersigned Defendant do hereby certify that I filed an original

signed copy of the above-and-foregoing Notice of Civil Rights Removal with

the Los Angeles County Superior Court Clerk for the State of California and

simultaneously served a true and correct copy of the same on each of the

following known parties to the above entitled and numbered cause as follows:

**Clerk of Court**
**Superior Court of California, Los Angeles County**
**STANLEY MOSK COURTHOUSE**
**111 N. HILL STREET**
**LOS ANGELES, CA 90012**

**And**

**ERIC MELLER**
**2001 WILSHIRE BLVD. #200**
**SANTA MONICA, CA 90403**
**(310) 829-0945**

Respectfully Signed and Submitted,

Friday, January 27, 2017

By: _____

Makaiiya Zakiyyah Allen,
*in propia persona*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

## UNLAWFUL DETAINER

**FIRST AMENDED SUMMONS**
*(CITACION JUDICIAL)*
UNLAWFUL DETAINER—EVICTION
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

SUM-130

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Omar Deckard; Alisa Trammell; Does 1 to 5, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes
Living Trust

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California

SEP 09 2016

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| 1. The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of Los Angeles County<br>111 N. Hill Street<br>111 N. Hill Street<br>Los Angeles, CA 90012<br>Central | CASE NUMBER<br>*(Número del caso):* 16U10154 Limited |

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric Meller (BN 54123)                                    310-829-0945
Meller & Floyd                                           Fax:310-829-0469
2001 Wilshire Blvd., #200
Santa Monica, CA 90403-5789

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did
for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: SEP 09 2016                              Clerk, by _____, Deputy
*(Fecha)*                                      Sherri R. Carter    *(Secretario)*    Anabella Figueroa    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)             [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 415.456, 1167

**SUM-130**

| PLAINTIFF *(Name):* Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust<br>DEFENDANT *(Name):* Omar Deckard; Alisa Trammell | CASE NUMBER:<br>16U10154 Limited |
| --- | --- |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant):*

   a. Assistant's name:

   b. Telephone no.:

   c. Street address, city, and zip:



   d. County of registration:

   e. Registration no.:

   f. Registration expires on *(date):*

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Eric Meller (BN 54123)
Meller & Floyd
2001 Wilshire Blvd., #200

Santa Monica, CA 90403-5789

TELEPHONE NO.  310-829-0945     FAX NO. (Optional)  310-829-0469

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):  Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of ...

SEP 09 2016

Sherri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS  111 N. Hill Street
MAILING ADDRESS  111 N. Hill Street
CITY AND ZIP CODE  Los Angeles, CA 90012
BRANCH NAME  Central

PLAINTIFF: Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust
DEFENDANT: Omar Deckard; Alisa Trammell

[X]  DOES 1 TO 5, Inclusive

CCP §1161(a)

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [ ] COMPLAINT  [X] AMENDED COMPLAINT (Amendment Number): 1 | 16U10154 Limited |

**Jurisdiction (check all that apply):**

[X]  ACTION IS A LIMITED CIVIL CASE

    Amount demanded  [X] does not exceed $10,000

    [ ] exceeds $10,000 but does not exceed $25,000

[ ]  ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ]  ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):

    [ ] from unlawful detainer to general unlimited civil (possession not in issue)    [ ] from limited to unlimited

    [ ] from unlawful detainer to general limited civil (possession not in issue)    [ ] from unlimited to limited

1. PLAINTIFF (name each): Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust

alleges causes of action against DEFENDANT (name each): Omar Deckard; Alisa Trammell

2. a. Plaintiff is   (1) [ ] an individual over the age of 18 years.   (4) [ ] a partnership.

    (2) [ ] a public agency.   (5) [ ] a corporation.

    (3) [X] other (specify): Trustee of Living Trust

  b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
9601 S. Haas Ave., Los Angeles, CA 90047, Los Angeles County; 2160 W. 96th St., Los Angeles, CA 90047, Los Angeles County (Granny Unit)

4. Plaintiff's interest in the premises is  [X] as owner  [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date): 8-10-2016  defendant (name each): Plaintiff's predecessor-in-interest, Ronald I. Fowlkes, an individual, took title to the subject Property at a foreclosure sale and title was perfected by recordation on 8-10-2016. Thereafter, Ronald I. Fowlkes transferred title by Quitclaim Deed *

    (1) [ ] agreed to rent the premises as a [ ] month-to-month tenancy [ ] other tenancy (specify):

    (2) [ ] agreed to pay rent of $ [ ] payable [ ] monthly [ ] other (specify frequency):

    (3) [ ] agreed to pay rent on the [ ] first of the month [ ] other day (specify):

  b. This [ ] written [ ] oral  agreement was made with

    (1) [ ] plaintiff.   (3) [ ] plaintiff's predecessor in interest.

    (2) [ ] plaintiff's agent.   (4) [ ] other (specify):

*on 6-12-2016 to Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust. Defendants are the **

**NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a). *foreclosed Trustors who unlawfully remain in possession of the Premises.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER    Legal Solutions Plus

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166

| PLAINTIFF (Name): Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust<br>DEFENDANT (Name): Omar Deckard; Alisa Trammell | CASE NUMBER:<br>16U10154 Limited |
| --- | --- |

6. c. [X] The defendants not named in item 6a are
    (1) [ ] subtenants.
    (2) [ ] assignees.
    (3) [X] other (specify): Doe Defendants

  d. [ ] The agreement was later changed as follows (specify):

  e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)

  f. [ ] (For residential property) A copy of the written agreement is **not** attached because (specify reason):
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each): Omar Deckard; Alisa Trammell; Doe Defendants

    was served the following notice on the same date and in the same manner:
    (1) [ ] 3-day notice to pay rent or quit    (4) [ ] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [X] 3-day notice to quit
    (3) [ ] 60-day notice to quit    AND (6) [X] Other (specify): 90 Day notice to Bonafide Tenants, if any.

  b. (1) On (date): 8-29-2016 (3 Day Quit) the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. [X] The notice included an election of forfeiture.  1

  e. [X] A copy of the notice is attached and labeled Exhibit 2X (Required for residential property. See Code Civ. Proc., § 1166.)

  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on (date):
    (2) [ ] by leaving a copy with (name or description):
    a person of suitable age and discretion, on (date):    at defendant's
    [ ] residence [ ] business  AND mailing a copy to defendant at defendant's place of residence on (date):    because defendant cannot be found at defendant's residence or usual place of business.  /9601 S. Haas Ave., Los Angeles, CA 90047 and 2160 W. 96th St.,**
    (3) [X] by posting a copy on the premises on (date): 8-24-2016 [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on ** Los Angeles, CA 90047 (date): 8-24-2016
      (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
      (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) [ ] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

  b. [ ] (Name):
    was served on behalf of all defendants who signed a joint written rental agreement.

  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. [ ] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]    **COMPLAINT—UNLAWFUL DETAINER**    Page 2 of 3

| PLAINTIFF *(Name)*: Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust<br>DEFENDANT *(Name)*: Omar Deckard; Alisa Trammell | CASE NUMBER:<br>16U10154 Limited |
| --- | --- |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $

11. ☒ The fair rental value of the premises is $ 8 0 . 0 0      per day.

12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*

13. ☐ A written agreement between the parties provides for attorney fees.

14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

     Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**

a. possession of the premises.

b. costs incurred in this proceeding:

c. ☐ past-due rent of $

d. ☐ reasonable attorney fees.

e. ☒ forfeiture of the agreement. (If any.)

f. ☒ damages at the rate stated in item 11 from *(date):* 8-30-2016      for each day that defendants remain in possession through entry of judgment.

g. ☐ statutory damages up to $600 for the conduct alleged in item 12.

h. ☒ other *(specify):* For such other and further relief as the Court deems proper.

18. ☐ Number of pages attached *(specify):* _____

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did **not** ☐ did   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone No.:

d. County of registration:

e. Registration No.:

f. Expires on *(date):*

Date: 8-30-2016

Eric Meller (BN 54123)
       (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Separate Verification Attached.
      (TYPE OR PRINT NAME)

▶ _____
      (SIGNATURE OF PLAINTIFF)

The Business Office of

# *Ronald Fowlkes*

**6704 Garth Av, Los Angeles, CA 90056**

(cell) 310-462-2456          (ofc) 323-242-2040          (fax) 424-702-5943

---------------------------------------------------------------------------

08/24/2016

## ** Three Day Notice to Quit Premises

*Omar Deckard*          *Alisa Trammell*

### AND TO ALL OTHERS IN POSSESSION

*YOU ARE HEREBY NOTIFIED that pursuant to California Code of Civil Procedure section 1161a, you are to vacate the premises as described below ** THREE (3) days after service on you of this notice.*

*This notice is being served in that the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.*

*YOU ARE FURTHER NOTIFIED that in the event you have not vacated and relinquished possession within THREE days after service of this notice, you will be subject to court proceedings in the form of Unlawful Detainer proceeding, and you will be responsible for all court costs incurred and the reasonable rental value of the premises.*

*The premises herein referred to are located at the following location:*
*2167 (4, 9c rd 54, L.A. CA 90047 and*
*9041 Haas Ave, L.A. CA 90047*

Ronald Fowlkes, Owner of the subject premises

** Please note that if you occupy this property as a bonafide tenant, then this notice shall be considered a 90 day notice to quit. You will therefore have 90 days in which to vacate the premises. You must submit proof of your tenancy, including any rental agreements, rent receipts, cancelled checks for rent, utility bills, etc. If you are a tenant, you are obligated to pay rent during this 90 day period. Submit these items within 3 days of the service of the notice to the business office listed above.

### Notice to Any Renters Living at the premises located at: *see page two*

*1*

2160 W 96ᵗʰ St. L.A. CA 70047
9601 Hobart Bl. L.A. CA 70047

The attached notice means that your home was recently sold in foreclosure and the new owner
plans to evict you.

You should talk to a lawyer **NOW** to see what your rights are.  You may receive court papers in a
few days.  If your name is on the papers, it may hurt your credit if you do not respond and simply
out.

Also, if you do not respond within five days of receiving the papers, even if you are not named in
the papers, you will likely lose any rights you may have.  In some cases, you can respond
without hurting your credit.  You should ask a lawyer about it.

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines
stated on any attached papers.  In some cases and in some cities with a "just cause for eviction
law," you may not have to move at all.  But you must take the proper legal steps in order to
protect your rights.

How to Get Legal Help

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal
services program.  You can locate these nonprofit groups at the California Legal Services Web
site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center
(www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

"State law permits former tenants to reclaim abandoned personal property left at the former
address of the tenant, subject to certain conditions.  You may or may not be able to reclaim
property without incurring additional costs, depending on the cost of storing the property and the
length of time before it is reclaimed.  In general, these costs will be lower the sooner you contact
your former landlord after being notified that property belonging to you was left behind after you
moved out."

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF Los Angeles

I have read the foregoing First Amended Complaint _____
_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am ☐ an Officer ☐ a partner [X] a Trustee of Plaintiff

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [X] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on 9-8-2016 _____, at Santa Monica _____, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Ronald I. Fowlkes _____    _____
Type or Print Name                                                      Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
   ☐ *I deposited such envelope in the mail at _____, California.
   The envelope was mailed with postage thereon fully prepaid.
   ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
Type or Print Name                                                      Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                    Rev 7/99

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*:

Eric Meller (BN 54123)
Meller & Floyd
2001 Wilshire Blvd., #200
Santa Monica, CA 90403-5789

TELEPHONE NO: 310-829-0945    FAX NO. 310-829-0469

ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS 111 N. Hill Street
MAILING ADDRESS 111 N. Hill Street
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME Central

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

SEP 0 9 2016

Sharri R. Carter, Executive Officer/Clerk
By: Anabella Figueroa, Deputy

CASE NAME: Fowlkes v. Deckard and Trammell
FIRST AMENDED

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☒ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 16U10154 Limited |
| | | | | JUDGE |
| | | | | DEPT |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☒ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive

4. Number of causes of action *(specify)*: 1

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 9-8-2016

Eric Meller (BN 54123)
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability *(e.g., slip and fall)*
    Intentional Bodily Injury/PD/WD *(e.g., assault, vandalism)*
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights *(e.g., discrimination, false arrest) (not civil harassment)* (08)
Defamation *(e.g., slander, libel)* (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property *(e.g., quiet title)* (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

| SHORT TITLE: Fowlkes v. Deckard and Trammell | CASE NUMBER 16U10154 Limited |
|---|---|

## FIRST AMENDED CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4
LA-CV109

| SHORT TITLE: Fowlkes v. Deckard and Trammell | CASE NUMBER 16U10154 Limited |
|---|---|

| | A.<br>Civil Case Cover Sheet<br>Category No. | B.<br>Type of Action<br>(Check only one) | C.<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☒ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Fowlkes v. Deckard and Trammell | CASE NUMBER 16U10154 Limited | |
|---|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | A6151  Writ - Administrative Mandamus | 2, 8 |
| | | A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 6 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | A6141  Sister State Judgment | 2, 5, 11 |
| | | A6160  Abstract of Judgment | 2, 6 |
| | | A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | A6030  Declaratory Relief Only | 1, 2, 8 |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | A6121  Civil Harassment | 2, 3, 9 |
| | | A6123  Workplace Harassment | 2, 3, 9 |
| | | A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | A6190  Election Contest | 2 |
| | | A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Fowlkes v. Deckard and Trammell | CASE NUMBER 16U10154 Limited |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: <br> ☐1. ☐2. ☐3. ☐4. ☐5. ☒6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS: 9601 S. Hass Ave. <br> and <br> 2160 W. 96th St. |
|---|---|
| CITY Los Angeles | STATE: CA    ZIP CODE: 90047 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 9-8-2016 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Eric Meller

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

FILED
LOS ANGELES SUPERIOR COURT

DEC 3 0 2014

SHERRI R. CARTER, EXECUTIVE OFFICER/ CLERK

C. Casarez

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Los Angeles Superior Court Cases General Order – Limited Jurisdiction Unlawful Detainer (Eviction) Cases Assigned to **Stanley Mosk Courthouse** | GENERAL ORDER |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY: PLEASE TAKE NOTICE that pursuant to the California Code of Civil Procedure [CCP], the California Rules of Court [CRC], and the Los Angeles County Court Rules [LASC], the Court makes the following orders:

**SERVICE OF THIS ORDER**
1.    Each plaintiff is ordered to serve a copy of this general order on each defendant along with copies of the summons and complaint, and to file proof of this service as mandated in this order. [CCP §594(b)]

**EARLY SETTLEMENT MEETING**
2.    Each plaintiff is ordered to contact each defendant within ten days of service in good faith to initiate settlement of the action. Such contact shall be made orally or in writing with the objective of having the case dismissed within 60 days of its filing. It is the Court's intent that, where possible, every effort should be made to keep settled cases from becoming public as provided in CCP §1161.2 (a)(5) and (a)(6). If the parties agree, the Court will retain jurisdiction to enforce any settlement after dismissal. [CCP §664.6]

**SERVICE BY POSTING AND MAILING**
3.    Service of the summons and complaint on a named party by posting and mailing may only be done after an order is obtained, based upon an affidavit of due diligence. [CCP §415.45(a)] Such an order will not extend to unnamed or unknown occupants because service of the required prejudgment claim of right to possession must be made personally upon either the occupant or named tenant. [CCP §415.46(c)]

**ADDRESSES AND TELEPHONE NUMBERS**
4.    Each party must have an address and telephone number listed on each document filed with the Court. [CRC 2.111 and 2.118]

**LAW AND MOTION**
5.    All regularly noticed motions and demurrers will be heard each court day at 1:30 p.m. Hearing dates must be reserved by calling the calendar clerk in Department 94 at (213) 830-0794 or obtaining a date at the time the motion is filed. All motions, oppositions to the motions, and reply papers should be filed in Room 102 of the Stanley Mosk Courthouse.

6.    If not served by personal delivery, the moving party must comply with the time extensions for notice required by CCP §1013. The motion will not be heard otherwise.

7.  Absent good cause, motions set on five days' notice should not be personally served on the last day of the week preceding the hearing. [LASC Rule 3.26 and Appendix 3A(b)(1-6)]

8.  A separate statement of undisputed or disputed facts is not required for summary judgment motions. [CCP §473c (r) and §1170.7; CRC 3.1350(c) and 1351] In complex cases, the Court may, however, continue the hearing and order the parties to file such statements.

## EX PARTE APPLICATIONS
9.  Ex parte applications should be noticed for 1:30 p.m. in Department 94. Ex Parte applications with fee waivers are processed in Room 106, on the first floor. All applications must be filed by 1:00 p.m. in Room 102. [LASC Rule 3.5(a)(3)] Ex parte applications shall have a separate application, a separate declaration of ex parte notice and a proposed order. Absent good cause, notice must be given by 10:00 a.m. the day before the hearing as required by CRC 3.1204.

## JURY FEES AND NOTICE
10.  Unless waived, advance jury fees shall be deposited no later than five days before trial. [CCP. §631(b) and (c)] The right to a jury may be deemed waived unless its requirement is announced within five days after notice of trial. [CCP §631(d)(4)]

11.  The court will waive juror fees and expenses for parties with a qualifying fee waiver. Parties must complete and submit an official Fee Waiver Request form for consideration to receive these services at no charge.

## STIPULATIONS TO CONTINUE TRIAL
12.  A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to the postponement. Stipulated trial court continuances may continue the trial date for an indefinite period of time, and will not be limited to 30 days. The stipulation and order should be filed in Room 102 with the required filing fees. [CCP §595.2 and California Govt. Code §70617(c)(2)] Stipulations to continue trial must be filed 5 days in advance or an appearance to continue the trial by at least one party will be necessary.

## INTERPRETERS AND COURT REPORTERS
13.  The Court will provide an interpreter for parties and witnesses at no charge.

14.  Proceedings in Court will not be transcribed by a court reporter unless supplied by a party to the action as permitted by LASC Rule 2.21.

## JURY TRIALS
15.  Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters before the trial date. Parties should have with them all of the following:
   i.   Joint Statement of the case;
   ii.  Motions in Limine which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court; [*See* LASC Rule 3.57]
   iii. Joint Witness List disclosing the witnesses who will be called, what they will testify to, and how long their testimony will take;
   iv.  Joint Exhibits in exhibit books, numbered appropriately, and a Joint Exhibit list; [*See* LASC Rules 3.52 and 3.53]
   v.   Joint Proposed Jury Instructions printed out for the court; and,
   vi.  Joint Proposed Verdict Form(s) printed out for the court.

16.    If a party fails or refuses to meet and confer, the other party or parties shall prepare and bring to trial the foregoing matters labeled as "[Proposed] Joint Documents."

17.    The time limits for trial set forth in the Expedited Jury Trial (EJT) rules in CCP §630.11 are sufficient for trial of most limited jurisdiction unlawful detainer jury trials.  If any party wants more time for trial than provided in the EJT rules, then each such party must prepare a joint witness list with witness names, summary of anticipated testimony and time estimates for direct and cross-examination in hours and quarter hours.

18.    Failure to comply with the rules concerning jury trials may result in one or more of the following actions by the court:   monetary sanctions, waiver of trial by jury, evidence or issue exclusions, vacating the trial date or any and all sanctions deemed appropriate by the trial court. [LASC Rule 3.37]

IT IS SO ORDERED.

DATE: _DECEMBER 30, 2014_    _Kevin C. Brazile_
                             Kevin C. Brazile, Supervising Judge, Civil

# MELLER & FLOYD

Attorneys At Law
ERIC MELLER
HARRY E. FLOYD, JR.

2001 Wilshire Boulevard, Suite 200
Santa Monica, California 90403-5789
Telephone (310) 829-0945
Facsimile (310) 829-0469
E-mail mellerandfloyd@la.twcbc.com

TO THE DEFENDANTS:

If you are interested in discussing settlement in this matter, you should contact your Landlord to determine if a settlement is possible. However, unless otherwise stated in writing, settlement discussions will not extend your time to respond to the court.

| Plaintiff:Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust<br>Defendant:Omar Deckard; Alisa Trammell. | CASE NUMBER:<br>16U10154 Limited |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint and Complaint after I file this Prejudgment Claim of Right to Possession form.

**NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have (check all that apply to you):

   a. ☐ an oral or written rental agreement with the landlord.
   b. ☐ an oral or written rental agreement with a person other than the landlord.
   c. ☐ an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. ☐ other (explain):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date:

► 

| (TYPE OR PRINT NAME) | (SIGNATURE OF CLAIMANT) |
|---|---|

NOTICE: If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.
3. You still occupy the premises.

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. If you do not file this claim, you may be evicted without a hearing.

CP10.5

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR *(Name)*: | |

NAME OF COURT: Superior Court of Los Angeles County
STREET ADDRESS 111 N. Hill Street
MAILING ADDRESS 111 N. Hill Street
CITY AND ZIP CODE Los Angeles, CA 90012
BRANCH NAME Central

Plaintiff: Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust
Defendant: Omar Deckard; Alisa Trammell

~~FIRST AMENDED~~
**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

| | |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | CASE NUMBER<br>16U10154 Limited<br>*(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit no., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):*                          , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.  *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $                    or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

CP10.5 [Rev. June 15, 2015]    **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**    Legal Solutions Plus    Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT  2

DEFENDANT'S CLAIM OF RIGHT

*Notice of Removal of Unlawful Detainer Action, 28 U.S.C. §1332, 1441, 1443, & 1446*        –14–

CP10

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY (Name and Address): TELEPHONE NO.<br>James T. Imperiale, SBN 262996<br>131 West Fir Street<br>San Diego, CA 92101<br>(619) 630-9615<br><br><br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |

NAME OF COURT: SUPERIOR COURT OF THE STATE OF CALIFORNIA
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: CENTRAL DISTRICT-COUNTY COURTHOUSE

| | |
|---|---|
| Plaintiff: Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust<br>Defendant: Omar Deckard; Alisha Trammell; Does 1 TO 5, Inclusive | CASE NUMBER:<br>16U10154   Limited |
| CLAIM OF RIGHT TO POSSESSION<br>AND NOTICE OF HEARING | (For levying officer use only)<br>Completed form was received on<br>Date: _____ Time: _____<br>By: _____ |

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying form called *Writ of Possession*.
2. You occupied the premises on or before the date the unlawful detainer (eviction) action was filed. *(The date is in the accompanying Writ of Possession.)*
3. You still occupy the premises.
4. A *Prejudgment Claim of Right to Possession* form was NOT served with the *Summons and Complaint*, OR this eviction results from a foreclosure.

NOTICE: If you are being evicted because of foreclosure, you have additional rights and should seek legal assistance immediately.

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):* MAKAIIYA ZAKIYYAH ALLEN

2. I reside at *(street address, unit no., city and ZIP code):*
   9601 S. HAAS AVE.,
   LOS ANGELES, CA 90047

3. The address of "the premises" subject to this claim is *(address):*

   9601 S. HAAS AVE., LOS ANGELES, CA 90047

   [ x ]  Check here if this property was foreclosed on.

4. On *(insert date):* July 29, 2016 _____, the owner, landlord, or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the accompanying Writ of Possession.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the *Writ of Possession*.

9. I understand that if I make this claim of possession, a court hearing will be held to decide whether my claim will be granted.

10. *(Filing fee)* To obtain a court hearing on my claim, I understand that after I present this form to the levying officer I must go to the court and pay a filing fee of $ _____ or file with the court *"Application for Waiver of Court Fees and Costs."* I understand that if I don't pay the filing fee or file the form for waiver of court fees within 2 court days, the court will immediately deny my claim.

11. *(Immediate court hearing unless you deposit 15 days' rent)* To obtain a court hearing on my claim, I understand I must also present a copy of this completed complaint form or a receipt from the levying officer. I also understand the date of my hearing will be set immediately if I do not deliver to the court an amount equal to 15 days' rent.

(Continued on reverse)

CP10 [Rev. June 15, 2015]    CLAIM OF RIGHT TO POSSESSION    Code of Civil Procedure, §§ 715.010, 715.020, 1174.3
                            AND NOTICE OF HEARING

CP10

| Plaintiff: | Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust | CASE NUMBER: |
|---|---|---|
| Defendant: | Omar Deckard; Alisha Trammell; Does 1 TO 5, Inclusive | 16U10154 Limited |

12. I am filing my claim in the following manner *(check the box that shows how you are filing your claim. Note that you must deliver to the court a copy of the claim form or a levying officer's receipt):*

a. ☐ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court the following: (1) a copy of this completed claim form or a receipt, (2) the court filing fee or form for proceeding in forma pauperis, and (3) an amount equal to 15 days' rent; or

b. ☒ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court (1) a copy of this completed claim form or a receipt, and (2) the court filing fee or form for proceeding in forma pauperis.

**IMPORTANT:** Do not take a copy of this claim form to the court unless you have first given the form to the sheriff, marshal, or other levying officer.

| | *(To be completed by the court)* | | |
|---|---|---|---|
| Date of hearing: | Time: | Dept. or Div.: | Room: |
| Address of court: | | | |

> **NOTICE:** If you fail to appear at this hearing you will be evicted without further hearing.

13. **Rental agreement.** I have *(check all that apply to you)*:

a. ☐ an oral rental agreement with the landlord.
b. ☒ a written rental agreement with the landlord.
c. ☐ an oral rental agreement with a person other than the landlord.
d. ☐ a written rental agreement with a person other than the landlord.
e. ☐ a rental agreement with the former owner who lost the property through foreclosure.
f. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date: 1/13/2017

Makaiiya Zakiyyah Allen
_____        ▶        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF CLAIMANT)

> **NOTICE:** If your claim to possession is found to be valid, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named, in the accompanying form called Writ of Possession;**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) action was filed;** *and*

3. **You still occupy the premises.**
4. **A Prejudgment Claim of Right to Possession form was NOT served with the Summons and Complaint, OR you are being evicted due to foreclosure.**
   **You can complete and SUBMIT THIS CLAIM FORM**
   (1) Before the date of eviction at the sheriff's or marshal's office located at *(address)*:



   (2) OR at the premises at the time of the eviction. *(Give this form to the officer who comes to evict you.)*

If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED along with the parties named in the writ.

After this form is properly filed, A HEARING WILL BE HELD to decide your claim. If you do not appear at the hearing, you will be evicted without a further hearing.

CP10 [Rev. June 15, 2015]                    **CLAIM OF RIGHT TO POSSESSION**                    Page two
                                             **AND NOTICE OF HEARING**

For your protection and privacy, please press the Clear

CP10

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*    TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|
| James T. Imperiale, SBN 262996<br>131 West Fir Street<br>San Diego, CA 92101<br>(619) 630-9615<br><br>ATTORNEY FOR *(Name):* | |

NAME OF COURT: SUPERIOR COURT OF THE STATE OF CALIFORNIA
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, 90012
BRANCH NAME: CENTRAL DISTRICT-COUNTY COURTHOUSE

Plaintiff: Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust
Defendant: Omar Deckard; Alisha Trammell; Does 1 TO 5, Inclusive

| CASE NUMBER: |
|---|
| 16U10154    Limited |

*(For levying officer use only)*
Completed form was received on
Date: _____ Time: _____
By: _____

## CLAIM OF RIGHT TO POSSESSION
## AND NOTICE OF HEARING

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying form called *Writ of Possession.*
2. You occupied the premises on or before the date the unlawful detainer (eviction) action was filed. *(The date is in the accompanying Writ of Possession.)*
3. You still occupy the premises.
4. A *Prejudgment Claim of Right to Possession* form was NOT served with the *Summons and Complaint,* OR this eviction results from a foreclosure.

NOTICE: If you are being evicted because of foreclosure, you have additional rights and should seek legal assistance immediately.

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify):* MAKAIIYA ZAKIYYAH ALLEN
2. I reside at *(street address, unit no., city and ZIP code):*
   9601 S. HAAS AVE.,
   LOS ANGELES, CA 90047

3. The address of "the premises" subject to this claim is *(address):*

   9601 S. HAAS AVE., LOS ANGELES, CA 90047

[ x ]  Check here if this property was foreclosed on.

4. On *(insert date):* July 29. 2016 , the owner, landlord, or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the accompanying Writ of Possession.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*
8. I was not named in the *Writ of Possession.*
9. I understand that if I make this claim of possession, a court hearing will be held to decide whether my claim will be granted.
10. *(Filing fee)* To obtain a court hearing on my claim, I understand that after I present this form to the levying officer I must go to the court and pay a filing fee of $ or file with the court *"Application for Waiver of Court Fees and Costs."* I understand that if I don't pay the filing fee or file the form for waiver of court fees within 2 court days, the court will immediately deny my claim.
11. *(Immediate court hearing unless you deposit 15 days' rent)* To obtain a court hearing on my claim, I understand I must also present a copy of this completed complaint form or a receipt from the levying officer. I also understand the date of my hearing will be set immediately if I do not deliver to the court an amount equal to 15 days' rent.

*(Continued on reverse)*

| CP10 [Rev. June 15, 2015] | CLAIM OF RIGHT TO POSSESSION<br>AND NOTICE OF HEARING | Code of Civil Procedure, §§ 715.010. 715.020, 1174.3 |
|---|---|---|

CP10

| Plaintiff: | Ronald I. Fowlkes, Trustee of the Ronald I. Fowlkes Living Trust | CASE NUMBER. |
|---|---|---|
| Defendant: | Omar Deckard; Alisha Trammell; Does 1 TO 5, Inclusive | 16U10154 Limited |

12. I am filing my claim in the following manner *(check the box that shows how you are filing your claim. Note that you must deliver to the court a copy of the claim form or a levying officer's receipt):*

a. ☐ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court the following: (1) a copy of this completed claim form or a receipt, (2) the court filing fee or form for proceeding in forma pauperis, and (3) an amount equal to 15 days' rent; or

b. ☒ I presented this claim form to the sheriff, marshal, or other levying officer, AND within two court days I shall deliver to the court (1) a copy of this completed claim form or a receipt, and (2) the court filing fee or form for proceeding in forma pauperis.

**IMPORTANT:** Do not take a copy of this claim form to the court unless you have first given the form to the sheriff, marshal, or other levying officer.

*(To be completed by the court)*

| Date of hearing: | Time: | Dept. or Div.: | Room: |
| Address of court: | | | |

NOTICE: If you fail to appear at this hearing you will be evicted without further hearing.

13. **Rental agreement.** I have *(check all that apply to you)*:
a. ☐ an oral rental agreement with the landlord.
b. ☒ a written rental agreement with the landlord.
c. ☐ an oral rental agreement with a person other than the landlord.
d. ☐ a written rental agreement with a person other than the landlord.
e. ☐ a rental agreement with the former owner who lost the property through foreclosure.
f. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date: 1/13/2017

Makaiiya Zakiyyah Allen
(TYPE OR PRINT NAME)            ▶            (SIGNATURE OF CLAIMANT)

**NOTICE:** If your claim to possession is found to be valid, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

**— NOTICE TO OCCUPANTS —**

YOU MUST ACT AT ONCE if all the following are true:

1. You are NOT named, in the accompanying form called Writ of Possession;
2. You occupied the premises on or before the date the unlawful detainer (eviction) action was filed; *and*
3. You still occupy the premises.
4. A Prejudgment Claim of Right to Possession form was NOT served with the Summons and Complaint, OR you are being evicted due to foreclosure.
   You can complete and SUBMIT THIS CLAIM FORM
   (1) Before the date of eviction at the sheriff's or marshal's office located at *(address):*

   (2) OR at the premises at the time of the eviction. *(Give this form to the officer who comes to evict you.)*

If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED along with the parties named in the writ.
After this form is properly filed, A HEARING WILL BE HELD to decide your claim. If you do not appear at the hearing, you will be evicted without a further hearing.

CP10 [Rev. June 15, 2015]   **CLAIM OF RIGHT TO POSSESSION AND NOTICE OF HEARING**   Page two

For your protection and privacy, please press the Clear